**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Joel Silver; Silver Pictures, Inc.; and Silver Slate, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>The Goldman Sachs Group, Inc.; Alliance Films Inc.; and Momentum Pictures USA, Inc.,<br><br>    Defendants. | CV 10-4961 RSWL (AJWx)<br><br>**ORDER** |

On May 10, 2011, Defendants The Goldman Sachs Group, Inc., Alliance Films Inc. and Momentum Pictures USA, Inc.'s Motion to Dismiss the First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) came on for regular calendar before this Court [23]. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

The Court hereby **DENIES** Defendants' Motion to Dismiss the First Amended Complaint.

In a Rule 12(b)(6) motion to dismiss, the Court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). A dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). However, a party need not state the legal basis for his claim, only the facts underlying it. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).

Federal Rule of Civil Procedure 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct, such that they can defend against the charge and not just deny having done anything wrong. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). As such, averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

Defendants The Goldman Sachs Group, Inc., Alliance Films Inc. and Momentum Pictures USA, Inc. (collectively, "Defendants") move to dismiss Plaintiffs

Joel Silver, Silver Pictures, Inc., and Silver Slate, LLC's (collectively, "Plaintiffs") First Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Specifically, Defendants argue that Plaintiffs have failed to allege plausible claims with regard to the seven causes of action asserted by Plaintiffs in the First Amended Complaint: (1) Breach of Written Contract against Defendants Alliance Films Inc. ("Alliance") and Momentum Pictures USA, Inc. ("Momentum"); (2) Breach of Oral Contract against Defendant The Goldman Sachs Group, Inc. ("Goldman"); (3) Breach of Oral Contracts against Defendant Goldman; (4) Breach of Fee Agreement against Defendants Goldman and Alliance; (5) Quantum Meruit against Defendants Goldman and Alliance; (6) Promissory Fraud against Defendants Goldman and Alliance; and (7) Negligent Misrepresentation against Defendants Goldman and Alliance.

As a preliminary matter, the Court hereby **DENIES** Defendants' Request for Judicial Notice. Fed. R. Evid. 201.

A. <u>Defendants' Motion To Dismiss As To The First Cause Of Action For Breach Of Written Contract</u>

The Court **DENIES** Defendants' Motion to Dismiss as to Plaintiffs' claims for Breach of Written Contract against Defendants Alliance and Momentum.

To withstand a Motion to Dismiss under Rule 12(b)(6), Plaintiffs need only plead the underlying

3

facts to support a claim upon which relief may be granted. See McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990). In California, in order to state a claim for breach of contract a plaintiff must plead: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001).

The Court finds that Plaintiffs have plead sufficient facts here to state a claim for Breach of Written Contract against Defendants Alliance and Momentum. Plaintiffs adequately set forth facts alleging the existence of a contract between Plaintiffs Silver Pictures, Inc. ("Silver Pictures") and Silver Slate, LLC ("Silver Slate") and these two Defendants, the Written Agreement, that Plaintiffs Silver Pictures and Silver Slate performed said Agreement, that Defendants Alliance and Momentum breached this Agreement due to the failure to use "commercially reasonable efforts" to arrange for the funds necessary to make the payment due pursuant to this Agreement, and that Plaintiffs have suffered damages resulting from this breach. See id.

As the Court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party, Klarfeld, 944 F.2d at 585, the Court finds that Plaintiffs have pled sufficient facts

to support this claim for Breach of Written Contract.

    B.   <u>Defendants' Motion To Dismiss As To The Second And Third Causes Of Action For Breach Of Oral Contracts</u>

The Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' Second and Third Causes of Action for Breach of Oral Contracts against Defendant Goldman.

The Court finds that Plaintiffs have plead sufficient facts here to state claims for Breach of Oral Contracts against Defendant Goldman. Plaintiffs adequately set forth facts alleging the existence of these oral contracts, the Silver Deal, the Forbearance Agreement and the Performance Agreement, as the First Amended Complaint sufficiently sets forth that the Parties entered into these agreements and that Defendant Goldman manifested an intent to be bound. In addition, the Court finds that the First Amended Complaint sufficiently pleads that Plaintiffs performed these oral contracts, that Defendant Goldman breached these contracts, and that Plaintiffs have suffered damages resulting from this breach. <u>See</u> <u>First Commercial Mortgage Co.</u>, 89 Cal. App. 4th at 745.

Defendants argue Plaintiffs' claims here should be dismissed due to the presence of the Written Agreement. Specifically, Defendants cite to the parol evidence rule, and argue that because Plaintiffs' Breach of Oral Contracts claims arise from previous oral agreements that concern the same subject matter as that of the

final, integrated Written Agreement, these claims effectively contradict the terms of the Written Agreement and should therefore be dismissed.

California law presumes that a written contract supersedes all prior or contemporaneous oral agreements. See Cal. Civ. Code §§ 1625, 1856. As such, the parol evidence rule prevents parties from presenting evidence of "previous negotiations and agreements" between the parties that would contradict, defeat, modify or otherwise vary the meaning or legal effect of an integrated, written agreement. Cal. Civ. Code § 1856(a). See Kett v. Graeser, 241 Cal. App. 2d 571, 574 (1966).

The Court finds that Plaintiffs' sufficiently allege claims for Breach of Oral Contracts at this motion to dismiss stage. While the Written Agreement does contain an express integration clause,[1] this clause specifically refers solely to prior agreements between the parties to the Written Agreement: Plaintiffs Silver Pictures and Silver Slate, and Defendants Alliance and Momentum. Here, Plaintiffs bring these claims for

---

[1] Specifically, the Written Agreement contains the recital that "[t]his Agreement constitutes the entire agreement of the parties with respect to the subject matter hereof, and to the extent that this agreement is inconsistent with any prior agreement(s) between the parties hereto, the terms of this agreement are to control. There are no agreements, representations or warranties between or among the parties other than those set forth in this Agreement...." [Decl. Charles Layton, Ex. B at 21.]

Breach of Oral Contracts against Defendant Goldman based on prior oral agreements between Plaintiffs and this Defendant, who is not a party to the Written Agreement. As such, taking the allegations in the First Amended Complaint as true, the Court finds that Plaintiffs' claims here are not based on prior oral negotiations and agreements between the collective parties to the Written Agreement, and therefore Defendants have not met their burden to show that these claims should be dismissed because they are based on oral agreements that contradict the terms of the Written Agreement. Cal. Civ. Code § 1856(a).

Therefore, the Court finds that Plaintiffs' claims for Breach of Oral Contracts are sufficient to withstand a Rule 12(b)(6) Motion at this time.

### C. Defendants' Motion To Dismiss As To The Fourth Cause Of Action For Breach Of Fee Agreement

The Court **DENIES** Defendants' Motion to Dismiss the Fourth Cause of Action for Breach of Fee Agreement.

In order to state a claim for breach of contract, Plaintiffs must allege the existence of a valid contract, that is, a contract supported by proper consideration. See Jinsoo Kim v. Son, 2009 WL 597232, at *2 (Cal. App. March 9, 2009). The general rule is that past consideration cannot support a contract. See Passante v. McWilliam, 53 Cal. App. 4th 1240, 1247 (1997).

The Court finds that Plaintiffs plead sufficient

facts here to state a claim for Breach of Fee Agreement. Specifically, the Court finds that the First Amended Complaint sufficiently sets forth facts to support the Plaintiffs' claim that there was a valid contract here between the Parties, the Fee Agreement, as the First Amended Complaint sufficiently sets forth that the Fee Agreement is supported by proper consideration. The Court also finds that Defendants have not met their burden to establish that the Fee Agreement is an improper and unenforceable modification of the Written Agreement, as the First Amended Complaint states the Fee Agreement involves different parties than those party to the Written Agreement and concerns a different subject matter than that encompassed by the Written Agreement.

As such, taking the allegations in the First Amended Complaint as true, the Court finds that Plaintiffs have sufficiently alleged facts here to state a claim for Breach of Fee Agreement.

    D.   <u>Defendants' Motion To Dismiss As To The Fifth Cause Of Action For Quantum Meruit</u>

The Court **DENIES** Defendants' Motion to Dismiss as to Plaintiffs' Fifth Cause of Action for Quantum Meruit.

Defendants argue this claim is barred under California law because of the Written Agreement, and that it is also time-barred under California's two-year statute of limitations for obligations not founded upon

a writing. Cal. Code Civ. Proc. § 339.

The Court finds that Plaintiffs sufficiently state a claim for Quantum Meruit. In the First Amended Complaint, Plaintiffs allege that this claim for quantum meruit is based on the alleged breach of the Fee Agreement, not the Written Agreement. As noted above, the First Amended Complaint adequately sets forth facts that the Fee Agreement involves different parties than those involved in the Written Agreement, and concerns a different subject matter than that encompassed by the Written Agreement. As such, when taking the allegations in the First Amended Complaint as true, Defendants' have not met their burden to establish that this claim is barred here by the Written Agreement. See Hedging Concepts, Inc. v. First Alliance Mortgage Co., 41 Cal. App. 4th 1410, 1419 (1996).

The Court also finds that this claim is not time-barred. California Code of Civil Procedure § 339 provides that the period for commencement of an action based on a contract "not founded upon an instrument of writing" is two years. Cal. Code Civ. Proc. § 339. Both Parties concede that generally, when a quantum meruit claim is based upon the defendant's alleged unjust enrichment from plaintiff's services, the two-year statute of limitations for a quantum meruit claim commences when those services are fully rendered. See Ough v. Ansonia Oil Co., 99 Cal. App. 769, 772 (1929). The First Amended Complaint states that Plaintiff Joel

Silver ("Silver") provided valuable services to Defendants pursuant to the terms of the Fee Agreement by the fall of 2007, but Plaintiffs did not file the Complaint in this Action until May, 2010, more than two-years after the services were allegedly rendered.

The Court finds that the statute of limitations on this claim did not begin to run until Defendants allegedly breached the Fee Agreement in 2009. Specifically, Defendants were not unjustly enriched by Plaintiff Silver's services until they allegedly breached this Fee Agreement, informing Plaintiffs they would not pay the previously agreed upon compensation for his services. See Maddox v. Rainoldi, 163 Cal. App. 2d 384, 392 (1958) (holding that the statute of limitations on the cause of action for unjust enrichment, arising out of a breach of oral trust, did not commence until the oral promise was repudiated). As such, no claim for quantum meruit could have been maintained until this point in time, and therefore the Court finds that this claim accrued at the time when Defendants allegedly breached the Fee Agreement. See Haynes v. Lemann, 53 F.3d 338, at *2 (9th Cir. 1995)(holding that plaintiff's claim for quantum meruit accrued at the date that Defendant allegedly breached the implied contract to pay plaintiff for an interview).

Therefore, the Court finds that the First Amended Complaint sufficiently states a claim for Quantum

10

Meruit.

E. <u>Defendants' Motion To Dismiss As To The Sixth And Seventh Causes Of Action For Promissory Fraud And Negligent Misrepresentation</u>

The Court **DENIES** Defendants' Motion to Dismiss as to Plaintiffs' Sixth Cause of Action for Promissory Fraud and Plaintiffs' Seventh Cause of Action for Negligent Misrepresentation.

Defendants argue these claims should be dismissed because they are not plead with particularity pursuant to Federal Rule of Civil Procedure 9(b) and because they are barred by the economic loss rule.

The Court finds that the requirements of Federal Rule of Civil Procedure 9(b) have been met. Specifically, when the First Amended Complaint is read as a whole, the circumstances constituting the alleged fraud are plead with sufficient particularity and are specific enough to give Defendants notice of the particular misconduct, such that they can defend against the charge. See <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003).

The Court finds that these two claims are not barred by the economic loss rule. The economic loss rule requires a party to a contract to recover in contract for a purely economic loss, unless he or she can demonstrate harm above and beyond a contractual promise. <u>Robinson Helicopter Co., Inc. v. Dana Corp.</u>, 34 Cal. 4th 979, 988 (2004). However, courts in

California have held that a claim for promissory fraud is a "viable cause of action under California law where a defendant fraudulently induces the plaintiff to enter into a contract," and therefore can lie where the plaintiff alleges that the defendant has entered into a contract without intending to be bound by the terms of that agreement. Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC, 2007 WL 2206946, *5 (S.D. Cal., July 27, 2007). See Lazar v. Super. Court, 12 Cal. 4th 631, 638 (1996). Moreover, a plaintiff can separately allege a claim for negligent misrepresentation stemming from a contract, as courts have held that the claim for negligent misrepresentation is a "traditional common law tort claim," and that by alleging this tort, a plaintiff "allege[s] [a] violation[] of duties independent of the contract." Rejects Skate Magazine, Inc. v. Acutrack, Inc., 2006 WL 2458759, *5 (N.D. Cal. Aug. 22, 2006).

The Court finds that the First Amended Complaint sufficiently pleads that Defendants fraudulently induced Plaintiffs to enter into the alleged contracts at issue in this Action. Therefore, Plaintiffs plead sufficient facts to state a claim for Promissory Fraud at the motion to dismiss stage. The Court also finds that Plaintiffs have sufficiently alleged a claim for Negligent Misrepresentation, as the First Amended Complaint adequately alleges that Defendants have violated duties independent of the contracts at issue

here. See Bains v. Moores, 172 Cal. App. 4th 445, 454 (2009).

For the reasons heretofore stated, the Court **DENIES** Defendants' Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6).

DATED: May 19, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge
