1  BERTRAM FIELDS (SBN 024199)
   BFields@ggfirm.com
2  ROBERT F. MARSHALL (SBN 057712)
   RMarshall@GreenbergGlusker.com
3  KEN BASIN (SBN 259454)
   KBasin@GreenbergGlusker.com
4  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
5  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
6  Telephone:  310.553.3610
   Fax:  310.553.0687
7
   FREUND & BRACKEY LLP
8  THOMAS A. BRACKEY II (SBN 162279)
   TBrackey@freundandbrackey.com
9  CRAIG A. HUBER (SBN 159763)
   Cahuber@freundandbrackey.com
10 427 North Camden Drive
   Beverly Hills, California 90210
11 Telephone:  310.247.2165
   Fax:  310.247.2190
12
   Attorneys for Plaintiffs and Counterdefendants
13 JOEL SILVER, SILVER PICTURES, INC., and
   SILVER SLATE, LLC

14

15                    UNITED STATES DISTRICT COURT

16                   CENTRAL DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  JOEL SILVER, an individual, SILVER PICTURES, INC., a California corporation, and SILVER SLATE, LLC, a Delaware limited liability company, <br><br> 21            Plaintiffs, <br><br> 22       v. <br><br> 23  THE GOLDMAN SACHS GROUP, INC., a Delaware corporation, and ALLIANCE FILMS, INC., a Quebec corporation, and MOMENTUM PICTURES USA, INC., a Delaware corporation, <br><br> 26            Defendants. | Case No.  CV 10-4961 RSWL (AJWx) <br><br> **PLAINTIFFS AND COUNTERDEFENDANTS JOEL SILVER, SILVER PICTURES, INC., AND SILVER SLATE, LLC'S RESPONSE TO COUNTERCLAIM OF ALLIANCE FILMS INC. AND MOMENTUM PICTURES, INC.** |

27

28

79086-10195/1789134.4

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

ALLIANCE FILMS INC., and
MOMENTUM PICTURES USA, INC.,

    Counterclaimants,

  v.

JOEL SILVER, an individual, SILVER PICTURES, INC., and SILVER SLATE, LLC,

    Counterdefendants.

   Plaintiffs and Counterdefendants Joel Silver, Silver Pictures, Inc., and Silver Slate, LLC (collectively, "Counterdefendants" or "Silver Parties"), by and through their undersigned counsel, respond to the allegations set forth in Defendants Alliance Films Inc. ("Alliance") and Momentum Pictures USA, Inc. ("Momentum")'s (collectively, "Counterclaimants") Counterclaim (the "Counterclaim") as follows:

## Background

  1. Counterdefendants deny the allegations in Paragraph 74 of the Counterclaim.

  2. Counterdefendants deny the allegations in Paragraph 75 of the Counterclaim, and specifically deny that the Silver Parties made any false or misleading representations to Counterclaimants, except admit and aver that Alliance and Momentum, on the one hand, and certain of the Silver Parties, on the other hand, entered into the Written Agreement.

  3. Counterdefendants deny the allegations in Paragraph 76 of the Counterclaim, and specifically deny that the allegations in Paragraph 76 of the Counterclaim set forth an accurate and complete description of the Written Agreement, and refer to the Written Agreement for its contents.

4. Counterdefendants deny the allegations in Paragraph 77 of the Counterclaim, and specifically deny that the Silver Parties made false or misleading representations of any kind to Counterclaimants.

5. Counterdefendants deny the allegations in Paragraph 78 of the Counterclaim, except admit and aver that Alliance and Momentum entered into the Written Agreement in April 2008.

## Parties

6. Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Counterclaim, except admit and aver, on information and belief, that Alliance is engaged in the distribution of filmed entertainment in Canada.

7. Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Counterclaim, except admit and aver, on information and belief, that Momentum is a Delaware corporation and a wholly-owned subsidiary and affiliate of, and is controlled by, Alliance.

8. Counterdefendants admit the allegations in Paragraph 81 of the Counterclaim.

9. The allegations contained in Paragraph 82 of the Counterclaim consist of legal conclusions, to which no response is required. To the extent a response is required, Counterdefendants generally and specifically deny the allegations contained in Paragraph 82 of the Counterclaim.

10. The allegations contained in Paragraph 83 of the Counterclaim consist of legal conclusions, to which no response is required. To the extent a response is required, Counterdefendants generally and specifically deny the allegations contained in Paragraph 83 of the Counterclaim.

## Jurisdiction

11. Counterdefendants admit the allegations in Paragraph 84 of the Counterclaim.

## Charging Allegations

12. Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Counterclaim.

13. Counterdefendants deny the allegations in Paragraph 86 of the Counterclaim, except (i) admit and aver that Société générale de financement du Québec ("SGF") had invested in the Dark Castle Slate; and (ii) admit and aver that Silver Slate is entitled to receive 62.5% of the distribution of profits derived from the Dark Castle Slate pursuant to a Profits Interests Purchase Agreement dated as of September 20, 2006.

14. Counterdefendants deny the allegations in Paragraph 87 of the Counterclaim, including certain of the allegations for which Counterdefendants lack knowledge sufficient to form a belief as to the truth of such allegation, except admit and aver that, in early to mid-2007, Silver communicated with representatives of Goldman Sachs with respect to an entertainment venture which would involve Goldman's purchase of a percentage of the Silver Parties' rights to Slate Net Profits.

15. Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Counterclaim.

16. Counterdefendants deny the allegations in Paragraph 89 of the Counterclaim, except admit and aver that the Silver Parties engaged in discussions with Goldman Sachs and Alliance with respect to their potential acquisition of an interest in the Slate Net Profits.

17. Counterdefendants deny the allegations in Paragraph 90 of the Counterclaim, and specifically deny that Counterdefendants made any representations or assurances that were "deliberately false and misleading."

18. Counterdefendants deny the allegations in Paragraph 91 of the Counterclaim, and specifically deny that Counterdefendants created a financial model that was deliberately fraudulent, except admit and aver that (i) Steve Richards provided Gerry Cardinale of Goldman Sachs, Charles Layton (who was acting on behalf of Goldman Sachs), and perhaps others, with certain financial data and material in or about March or April 2007; and (ii) on information and belief, in or around August or September 2007, or thereabouts, Charles Layton became the President of Alliance.

19. Counterdefendants deny the allegations in Paragraph 92 of the Counterclaim, except admit and aver that, (i) the Silver Parties, with the express knowledge, approval, and consent of Goldman Sachs and Counterclaimants, engaged the Salter Group (an independent and well-known investment banking company specializing in valuations) to value the potential revenue stream from the Slate Net Profits; (ii) in or about May 2007, the Salter Group delivered a report that valued the 62.5% interest in the Slate Net Profits owned by the Silver Parties; and (iii) the Salter Group report was delivered to Mr. Cardinale, Mr. Layton (who was acting on behalf of Goldman Sachs), and others.

20. Counterdefendants deny the allegations in Paragraph 93 of the Counterclaim. In particular, Counterdefendants assert that it is inconceivable that Goldman — one of the world's foremost investment banks, with vast resources and virtually an army of analysts at its disposal — or any of its subsidiaries or affiliates failed to engage in any independent analysis or to otherwise verify any and all aspects of a potential transaction with the Silver Parties, or that they could have reasonably relied simply on any "assumptions," "models," "projections" or "estimates" of any kind provided by the Silver Parties without their own due

1 | diligence, investigation, and analysis in evaluating and determining whether to
2 | enter into the potential transaction.

3      21.     Counterdefendants deny the allegations in Paragraph 94 of the Counterclaim.

5      22.     Counterdefendants deny the allegations in Paragraph 95 of the Counterclaim.

7      23.     Counterdefendants deny the allegations in Paragraph 96 of the Counterclaim.

9      24.     Counterdefendants deny the allegations in Paragraph 97 of the Counterclaim, and specifically deny that Counterdefendants made any false or misleading representations reasonably relied upon by Counterclaimants.

12      25.     Counterdefendants deny the allegations in Paragraph 98 of the Counterclaim and deny that those allegations set forth an accurate and complete description of the Term Sheet, except (i) admit and aver (as alleged in the First Amended Complaint) that the parties entered into certain oral agreements in or around the summer of 2007 and thereafter; and (ii) admit and aver that, in or about December 2007, Alliance signed a term sheet in connection with the proposed transaction reflected in the Written Agreement.

19      26.     Counterdefendants deny the allegations in Paragraph 99 of the Counterclaim. In particular, Counterdefendants assert that it is inconceivable that Goldman — one of the world's foremost investment banks, with vast resources and virtually an army of analysts at its disposal — or any of its subsidiaries or affiliates failed to engage in any independent analysis or to otherwise verify any and all aspects of a potential transaction with the Silver Parties, or that they could have reasonably relied simply on any "assumptions," "models," "projections" or "estimates" of any kind provided by the Silver Parties without their own due diligence, investigation, and analysis in evaluating and determining whether to enter into the potential transaction.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

27. Counterdefendants deny the allegations in Paragraph 100 of the Counterclaim.

28. Counterdefendants admit that, on or about April 18, 2008, Alliance and Momentum, on the one hand, and the Silver Parties, on the other hand, entered into the Written Agreement. Counterdefendants deny that the allegations in Paragraph 101 of the Counterclaim set forth an accurate and complete description of the Written Agreement, and refer to the Written Agreement for its contents.

29. Counterdefendants deny the allegations in Paragraph 102 of the Counterclaim.

30. Counterdefendants deny the allegations in Paragraph 103 of the Counterclaim, except lack knowledge sufficient to form a belief as to any discussions between representatives of Alliance and SGF with respect to the payment of a $2 million fee to Silver.

### Count 1 – Fraud

31. Counterdefendants repeat and incorporate by reference their responses to Paragraphs 74 through 103 of the Counterclaim.

32. Counterdefendants deny the allegations in Paragraph 105 of the Counterclaim.

33. Counterdefendants deny the allegations in Paragraph 106 of the Counterclaim.

34. Counterdefendants deny the allegations in Paragraph 107 of the Counterclaim.

35. Counterdefendants deny the allegations in Paragraph 108 of the Counterclaim.

36. Counterdefendants deny the allegations in Paragraph 109 of the Counterclaim. In particular, Counterdefendants assert that it is inconceivable that Goldman — one of the world's foremost investment banks, with vast resources and

virtually an army of analysts at its disposal — or any of its subsidiaries or affiliates failed to engage in any independent analysis or to otherwise verify any and all aspects of a potential transaction with the Silver Parties, or that they could have reasonably relied simply on any "assumptions," "models," "projections" or "estimates" of any kind provided by the Silver Parties without their own due diligence, investigation, and analysis in evaluating and determining whether to enter into the potential transaction.

37. Counterdefendants deny the allegations contained in Paragraph 110 of the Counterclaim.

38. The allegations contained in Paragraph 111 of the Counterclaim consist of legal conclusions, to which no response is required. To the extent a response is required, Counterdefendants generally and specifically deny the allegations contained in Paragraph 111 of the Counterclaim.

### Count 2 – Negligent Misrepresentation

39. Counterdefendants repeat and incorporate by reference their responses to Paragraphs 74 through 111 of the Counterclaim.

40. Counterdefendants deny the allegations in Paragraph 113 of the Counterclaim.

41. Counterdefendants deny the allegations in Paragraph 114 of the Counterclaim.

42. Counterdefendants deny the allegations in Paragraph 115 of the Counterclaim.

43. Counterdefendants deny the allegations in Paragraph 116 of the Counterclaim.

44. Counterdefendants deny the allegations in Paragraph 117 of the Counterclaim. In particular, Counterdefendants assert that it is inconceivable that Goldman — one of the world's foremost investment banks, with vast resources and

virtually an army of analysts at its disposal — or any of its subsidiaries or affiliates failed to engage in any independent analysis or to otherwise verify any and all aspects of a potential transaction with the Silver Parties, or that they could have reasonably relied simply on any "assumptions," "models," "projections" or "estimates" of any kind provided by the Silver Parties without their own due diligence, investigation, and analysis in evaluating and determining whether to enter into the potential transaction.

45. Counterdefendants deny the allegations contained in Paragraph 118 of the Counterclaim.

### Prayer for Relief

46. The "Prayer for Relief" paragraph following Paragraph 118 of the Counterclaim sets forth Counterclaimants' prayer for relief to which no answer is required. To the extent a response is required, Counterdefendants deny the allegations in the "Prayer for Relief" paragraph following Paragraph 118 of the Counterclaim, deny that the relief requested is appropriate, and deny that Counterdefendants are entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

47. The Counterclaim, and each and every purported cause of action therein, fails to state a claim upon which relief may be granted, and is asserted in bad faith as a means to pressure the Silver Parties to abandon their claims asserted in the First Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

48. Counterclaimants' claims for relief are barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

49. By reason of Counterclaimants' conduct, words and/or actions, Counterclaimants are guilty of unclean hands and, therefore, precluded from obtaining the relief they seek.

## FOURTH AFFIRMATIVE DEFENSE

(Standing)

50. Counterclaimants' recovery, if any, is barred in whole or in part to the extent they lack standing.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

51. By reason of Counterclaimants' conduct, words and/or actions, Counterclaimants' recovery, if any, is barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

52. By reason of Counterclaimants' conduct, words and/or actions, Counterclaimants have waived their right to obtain relief on any of their purported claims for relief.

## SEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

53. By reason of Counterclaimants' conduct, words and/or actions and Counterdefendants' reasonable reliance to his detriment thereon, Counterclaimants are estopped from obtaining relief on any of their purported claims for relief.

## EIGHTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

54. To the extent that Counterclaimants have suffered any damage, loss and/or injury (which Counterdefendants expressly deny), Counterclaimants failed to take the appropriate steps to mitigate the alleged damage, loss and/or injury they claim to have suffered.

## NINTH AFFIRMATIVE DEFENSE
(Consent)

55. Each of Counterclaimants' claims is barred by the doctrine of consent.

## TENTH AFFIRMATIVE DEFENSE
(Lack of Damages)

56. Each of Counterclaimants' claims is barred because Counterclaimants suffered neither losses, nor injuries, nor damages by reason of any acts or omissions of Counterdefendants.

## ELEVENTH AFFIRMATIVE DEFENSE
(Lack of Causation)

57. Each of Counterclaimants' claims is barred because Counterclaimants' alleged loss, if any, is not the proximate result of any acts or omissions of

Counterdefendants, and is the result of intervening and/or superseding causes for which Counterdefendants were not and are not responsible.

## TWELFTH AFFIRMATIVE DEFENSE
(Lack of Reasonable Reliance)

58. Each of Counterclaimants' claims is barred because Counterclaimants' alleged Counterclaimants did not and could not have reasonably relied on any statements, acts, or omissions of Counterdefendants.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Counterclaimants' Own Actions Caused Any Loss)

59. Counterclaimants are barred from all relief sought in the Counterclaim on the ground that any alleged loss or damage Counterclaims suffered was caused by Counterclaimants' own actions.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Comparative Negligence/Assumption of Risk)

60. Counterclaimants' recovery, if any, is barred in whole or in part by their own contributory and/or comparative negligence, and/or their own assumption of risk.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Failure to Plead with Particularity)

61. The Counterclaim does not plead fraud or negligent misrepresentation with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Lack of Facts and Law)

62. Each of Counterclaimants' claims is barred because the Counterclaim is not well-grounded in fact and the claims therein are not warranted by existing law or by good faith arguments for the extension, modification or reversal of existing law.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Offset)

63. To the extent that Counterclaimants have suffered any compensable damage, loss and/or injury (which Counterdefendants expressly deny), as a result of Counterclaimants' wrongful conduct, as set forth in Counterdefendants' First Amended Complaint, Counterdefendants are entitled to an offset against Counterclaimants.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Privilege)

64. Counterdefendants were legally privileged to commit the acts alleged in the Counterclaim, to the extent that such acts occurred.

### NINETEENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

65. Each of Counterclaimants' claims is barred because any recovery by Counterclaimants in this action would result in unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

(Reservation of Rights)

66. Counterdefendants expressly reserves the right to raise additional affirmative defenses at trial as such facts supporting any such affirmative defenses may become known to them during the pendency of this action.

WHEREFORE, Counterdefendants pray for judgment against Counterclaimants as follows:

1. That Counterclaimants take nothing by way of their Counterclaim;

2. For costs of suit incurred herein; and

3. For such other and further relief as this Court may deem just and proper.

DATED: August 23, 2011

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s/ Robert F. Marshall
ROBERT F. MARSHALL
Attorneys for Plaintiffs and
Counterdefendants
JOEL SILVER, SILVER PICTURES, INC.,
and SILVER SLATE, LLC

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

79086-10195/1789134.4

14